IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jackie D. Lowry,
   Plaintiff         : Civil Action 2:07-cv-1004

v.              : Judge Sargus

Michael J. Astrue,       : Magistrate Judge Abel
Commissioner of Social Security,
   Defendant       :

**Order**

Plaintiff Jackie D. Lowry brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security denying her application for supplemental social security income. This matter is before the Court on plaintiff Lowry's August 8, 2008 objections (doc. 19) to Magistrate Judge Abel's August 5, 2008 Report and Recommendation that the decision of the Commissioner denying benefits be affirmed. (Doc. 18.)

Plaintiff objects to the magistrate judge's conclusions that the administrative law judge did not err in:

- rejecting the opinion of her treating psychiatrist, Dr. Salim;
- rejecting the opinion of the examining consulting psychologist, Dr. Heiskill; and
- adopting the opinion of the non-examining medical advisor, Dr. Buban.

Plaintiff Lowry maintains that she became disabled at age 34 by depression, anxiety, panic attacks, and stomach problems. The administrative law judge found that

Lowry's severe impairments included bipolar disorder and a history of polysubstance abuse, in possible remission. These impairments resulted in decreased concentration, reduced stress tolerance, and diminished interpersonal skills. Lowry could perform simple repetitive tasks that involved no contact with the general public. She could not work on tasks that required teamwork, production quotas or high work pace. Given these limitations, the administrative law judge concluded that although Lowry could not perform her past relevant work, she retained the residual functional capacity to perform other work identified by the vocational expert that is generally available in the economy. At the time of the decision, Lowry was 43 years old.

Upon a review of the record as a whole, as required by 28 U.S.C. §636(c), the Court concludes that there is substantial evidence supporting the administrative law judge's decision; accordingly, the Court ADOPTS the Report and Recommendation and affirms the decision of the Commissioner denying benefits.

Lowry stopped seeing Dr. Salim in June 2002, but returned to him in May 2004. ( R. 335.) Generally, on medications, Lowry's symptoms improved. (R. 313, 314, 317, 331, 361, 362, 369 and 370.) Although there were ups and downs during the course of treatment, Dr. Salim's notes do indicate an improved mental status on a number of occasions. (R. 313, 314, 315, 317, 318, 331, 369 and 370.)

In August 2004, Dr. Thomas Heiskell, a psychologist, examined plaintiff for the Commissioner and performed a disability evaluation. He diagnosed bipolar disease, mixed-recurrent with psychotic features, panic disorder with agoraphobia, poly-

2

substance dependence in early unstable remission, and personality disorder. (R. 238.) In his opinion, plaintiff's ability to relate to others, including coworkers and supervisors was poor. She did have the ability to understand and follow instructions. In September 2004, Dr. Frank Orosz reviewed the medical record for the Commissioner and stated the opinion that plaintiff had mild limitations in understanding and memory, and moderate limitations to concentration, persistence, social interaction and adaptation. She retained the ability to comprehend, remember, and carry out simple instructions and pay attention to simple things. (R. 255.)

Dr. Mary Buban, a psychologist, testified as a medical advisor. (R. 396-420.) She summarized the psychological evidence of record in some detail. Dr. Buban pointed out that the treatment notes indicated that plaintiff's marijuana abuse continued longer than she had indicated. Although Lowry told treating sources that she had not used marijuana for 3-10 years, there were treatment notes indicating that she was still smoking marijuana in 2005. (R. 409-10.) The diagnoses supported by the record were bipolar disease and polysubstance abuse, in remission. Dr. Buban concluded that a plaintiff could not work as a member of a team. She can perform low-stress jobs. She should have no contact with the public. ( R. 410-12.)

While the administrative law judge might have reached a contrary conclusion, there is substantial evidence supporting the decision that plaintiff retains the ability to perform the jobs identified by the vocational expert. It is not the Court's role to sift through the facts and make a *de novo* determination of whether a claimant is disabled.

3

The administrative law judge, not the Court, is the finder of fact. *Siterlet v. Secretary of Health & Human Services*, 823 F.2d 918, 920 (6th Cir. 1987). So long as the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. §405(g). *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In a close case, where there is substantial evidence supporting the administrative law judge's resolution of the disputed facts, the Court must affirm even if it would likely have resolved the disputed facts in plaintiff's favor had it been a trier of fact. *Nunn v. Bowen*, 828 F.2d 1140, 1144 (6th Cir. 1987); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). There is a large zone of choice where the Commissioner's decision to deny benefits is supported by substantial evidence, and, had the Commissioner granted benefits, that decision also would have been supported by substantial evidence. *Mullen v. Secretary of Health & Human Services*, 800 F.2d 535, 548 (6th Cir. 1986)(*en banc*). In close cases, the Commissioner's decision must be affirmed so long as there is substantial evidence supporting the Commissioner's fact determinations "because there is a 'zone of choice' within which the Commissioner can act, without fear of court interference." *Mullen*, 800 F.2d at 545(citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984))." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

/s/ 2-24-2009
Edmund A. Sargus, Jr.
United States District Judge